**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:08CV34-03-T
(1:06CR31-5)**

| | |
|---|---|
| **JONATHAN DAVID HARRISON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion and

supporting memorandum to vacate, set aside or correct sentence pursuant

to 28 U.S.C. §2255 filed January 28, 2008; Respondent's Motion for

Summary Judgment filed April 29, 2008; "Petitioner's Answer to the

Government's Response" filed June 5, 2008; the Government's

Supplemental Response filed October 6, 2008; and Petitioner's Answer to

Government's Supplemental Response, filed October 20, 2008.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 4, 2006, the Petitioner and eleven co-defendants were charged in a one count bill of indictment with conspiracy to manufacture and possess with intent to distribute "500 grams or more of a **mixture** or substance containing a detectable amount of methamphetamine. Said offense involved the manufacture of methamphetamine and created a substantial risk of harm to human life and/or the environment[,]" in violation of 21 U.S.C. §§ 841 (a)(1) and 846. **Bill of Indictment, filed April 4, 2006 (emphasis added)**. On June 14, 2006, Petitioner signed a written plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the indictment. **Plea Agreement, filed June 16, 2006**.

The parties stipulated that the amount of "methamphetamine (**ACTUAL**) that was known to or reasonably foreseeable by the [Petitioner] was at least 500 grams but less than 1.5 kilograms." *Id.* **¶ 6.a (emphasis added)**. Furthermore, the plea agreement contained provisions by which Petitioner expressly waived his right to contest his conviction and/or sentence on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that his sentence was

inconsistent with the explicit stipulations set forth in the plea agreement. *Id.* **¶ 19**.

On July 5, 2006, Petitioner appeared with counsel before the Magistrate Judge for a Rule 11 Hearing to formally enter his guilty plea. **Transcript of Plea and Rule 11 Hearing, filed March 24, 2008.** At that hearing, the Magistrate Judge placed Petitioner under oath and engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. *Id.* **at 3.** The Magistrate Judge specifically asked Petitioner if he had reviewed his indictment and if he understood the charges and its corresponding penalties. *Id.* **at 9-13**. Under oath, Petitioner stated that he had reviewed the indictment with counsel, understood the charge, the essential elements the Government would have to prove if the case were to go to trial, and the maximum penalties he was facing. Further, the Magistrate Judge asked Petitioner if he had discussed his right to appeal, and if he understood that by signing the plea agreement and entering the guilty plea he would be greatly limiting his rights to contest his conviction and sentence. *Id.* **at 21.** Again, under oath, Petitioner stated that he understood and accepted those limitations and agreed with the terms of his plea agreement. *Id.* **at 22.**

In response to additional questioning by the Magistrate Judge, Petitioner stated he had been afforded ample time to discuss possible defenses with his attorney and had told counsel everything he wanted him to know about his case; he understood that if he received a sentence which was more severe than he expected or if the Court did not accept any sentencing recommendations, he would still be bound by his guilty plea; that his guilty plea was voluntarily made and was not the result of coercion, threats or promises other than those contained in the plea agreement; that he was, in fact, guilty of the subject charge; and that he was entirely satisfied with the services of his attorney. *Id.* **at 23-27**. After hearing Petitioner's answers to each of the questions, the Magistrate Judge found Petitioner's guilty plea was knowingly and voluntarily entered and made and that he understood the charges, penalties and consequences of the plea. *Id.* **at 26-27**. Accordingly, the Magistrate Judge accepted Petitioner's plea of guilty. *Id.*

In preparation for sentencing, the probation officer prepared a presentence report and calculated Petitioner's base offense level to be 36; based on the stipulated amount of methamphetamine contained in the plea agreement, plus a six-level increase for the creation of a substantial risk of

harm to the life of a minor, minus a three-level adjustment for acceptance

of responsibility, the probation officer arrived at a total offense level of 39.

**Presentence Investigation Report, revised December 18, 2006, ¶¶ 37-**

**38, 44-45.** Petitioner's criminal history points totaled 6, placing placed him

in a category III. ***Id.* ¶¶ 55-57.**

On January 4, 2007, prior to the Petitioner's sentencing hearing, the

government filed a motion for a downward departure reflecting Petitioner's

substantial assistance. **Motion for Downward Departure, filed January**

**4, 2007.** Specifically, the Government recommended a three-level

reduction from a offense level 39 with a Guideline range of 324-405

months to an offense level of 36 with a Guideline range of 235-293

months. ***Id.* at 3.** The motion also stated that if the Petitioner's objections

to the report were granted and resulted in a modification of the Guideline

calculations in the presentence report, the Government's recommended

reductions to the suggested Guideline range would not be reduced by such

modification. ***Id.***[1]

---

[1] The Court notes, however, that the Government did go forward with
its motion for a three-level downward departure based on Petitioner's
substantial assistance notwithstanding the change in Petitioner's total
offense level due to Petitioner's objection to the six-level increase in his
offense level based on risk to a minor.

On January 4, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea, and that subject to the objections he made to the presentence report, he consented to the Court's acceptance of the evidence contained in the report as supporting his guilty plea. **Transcript of Sentencing Hearing, filed March 21, 2008, at 2**. Petitioner objected to the 6 level enhancement assessed by the probation officer for the creation of a substantial risk of harm to the life of a minor. **Presentence Report, ¶ 37**. Counsel for the Petitioner and counsel for the Government agreed to drop the six-level enhancement for danger to minors and substitute a three-level enhancement for the danger to the environment, thereby reducing the adjusted base offense level from 42 to 39 and the total offense level from 39 to 36. **Sentencing Transcript, *supra*, at 3**. When the Court accepted this agreement, Petitioner agreed to withdraw his remaining objections. ***Id.* at 4**. The Court specifically inquired of Petitioner whether he discussed the objections with his attorney and whether he agreed to withdraw his remaining objections in light of the agreement reached by the parties with respect to the three-level enhancement for danger to the environment. Petitioner stated that he had

discussed this with counsel and agreed to the withdrawal of his remaining objections. *Id.* Thereafter, counsel for the Government moved for a three-level downward departure based on Petitioner's substantial assistance reducing Petitioner's total offense level to 33, criminal history category III with a Guideline range of 168-210 months. The Court granted the Government's motion for a downward departure for the reasons stated orally on the record by counsel and for those reasons articulated in the Government's written motion. *Id.* **at 6**. Thereafter, the Court sentenced Petitioner to 168 months imprisonment and four years of supervised release. **Judgment in a Criminal Case, filed January 23, 2007**. Petitioner did not file a direct appeal.

On January 28, 2008, Petitioner timely filed his § 2255 motion alleging that: (1) the Government breached the plea agreement when it made a motion for a downward departure that was contingent upon the Government's recommendation as to the guideline range; (2) his prior misdemeanor convictions were improperly counted; and (3) his counsel was ineffective for failing to properly advise Petitioner as to the stipulation in the plea agreement regarding the drug amount.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is not genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  ***See, e.g. Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23 (1986); ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 252 (1986); ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986); ***Miller v. Leathers***, 913 F.2d 1085, 1087 (4th Cir. 1990).

A genuine issues exists only if "the evidence is such that a reasonable jury could return a verdict for the on-moving party."  ***Anderson***, **477 U.S. at 248.**  However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment.  ***Id.* at 249-50.**

## III.  ANALYSIS

Petitioner claims that the Government breached the plea agreement by making a motion for downward departure based on Petitioner's

substantial assistance that was contingent upon the Court accepting its recommendation as to the applicable Guideline range.

First, Petitioner did not raise this issue on appeal. "In order to collaterally attack a conviction or sentence based upon errors that could have but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." ***United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *see also Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal; and failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); *Stone v. Powell*, 428 U.S. 456, 477 n.10 (1976).**

Petitioner did not file a direct appeal in the underlying criminal case and the instant motion to vacate fails to allege that cause and prejudice exist to excuse his procedural default. Moreover, Petitioner does not allege that he is actually innocent. Accordingly, Petitioner's failure to raise

this claim on direct review resulted in his procedural default of the claim and such failure precludes this Court from now considering this claim.[2]

Petitioner also contends that his counsel was ineffective for failing to challenge the Government's alleged breach of the plea agreement; however, the record is clear that the Government did not do so.  The plea agreement provided for the Government, in its sole discretion, to make a motion pursuant to U.S.S.G. § 5K1.1 for imposition of a sentence below the applicable Sentencing Guidelines and/or pursuant to 18 U.S.C. § 3553(e) to impose a sentence below any statutory mandatory minimum  if Petitioner's assistance was determined to be substantial.  **Plea Agreement, ¶ 23.b.**

In the instant case, the Government filed a motion for downward departure prior to sentencing and recommended a three-level downward departure based upon Petitioner's substantial assistance.  **Government's Motion for Downward Departure, *supra.***  At sentencing, after the parties resolved Petitioner's objection to the six-level increase in his base offense level for the risk of harm to a minor, the Government made the same

---

[2] Moreover, to the extent that this claim is not one for prosecutorial misconduct, Petitioner also waived this claim pursuant to the terms of his plea agreement.  **Plea Agreement, ¶ 19**.

motion for a three-level downward departure based on Petitioner's substantial assistance. However, prior to the sentencing hearing the three-level departure was based on an offense level of 39 which reduced the offense level to 36; during the sentencing hearing, after the agreement regarding the six-level enhancement, the three-level departure was based on an offense level of 36, bringing Petitioner's offense level to 33. The Government then stated that an offense level of 33 with a criminal history category III would result in a Guideline range of 168 to 210 months. The Court imposed the low end of the Guideline range and sentenced Petitioner to 168 months imprisonment.

The Court has reviewed the Government's motion for a downward departure and the transcript of the sentencing hearing and has determined that the Government did not, as Petitioner argues, make its motion for downward departure contingent on the Court applying the Government's guideline determination as shown in the motion. Because there was no breach of the plea agreement, there is no merit to Petitioner's ineffective assistance of counsel claim. Therefore, Petitioner's ineffective assistance of counsel claim has no merit and is dismissed.

Next, Petitioner contends that his prior misdemeanor convictions were improperly counted. However, by the terms of his plea agreement, Petitioner waived his right to raise any challenges except for ineffective assistance of counsel, prosecutorial misconduct, or that his sentence violated a stipulation set forth in the plea agreement. Accordingly, it is clear that Petitioner's claim does not fit within the exceptions to the waiver specified in the plea agreement. Moreover, as was previously noted, during his plea and Rule 11 hearing, Petitioner swore under oath that he understood he was limiting his right to raise this type of post-conviction challenge to his conviction and/or sentence.

The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's appellate rights. ***See United States v. Cohen*, 459 F.3d 490, 493-95 (4th Cir. 2006); *United States v. Johnson*, 410 F.3d 137, 151-53 (4th Cir. 2005); *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005).** Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights under § 2255 to attack his conviction and sentence collaterally. ***United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005).** The Court finds that the agreement's waiver

provision is valid and fully enforceable and stands as an absolute bar to the Petitioner's current attempt to challenge his conviction and sentence on this ground.

Finally, Petitioner contends his counsel was ineffective for advising him to stipulate to being responsible for at least 500 grams of **actual methamphetamine** even though the indictment charged Petitioner with conspiracy to manufacture and possess 500 grams **or more** of a **mixture** of methamphetamine. Petitioner also alleges his counsel failed to properly advise him as to the drug stipulation.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689**; ***see also Fields v. Attorney Gen'l. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985)**; ***Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)**; ***Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." **Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).** Under these circumstances, Petitioner "bears the burden of proving *Strickland* prejudice." **Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31).** Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." **Id. at 1290 (citing Strickland, 466 U.S. at 697)**.

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. **Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Fields, 956 F.2d at 1294-99; Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988)**. The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

***Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59); *accord Fields*, 956 F.2d at 1297**.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." ***Fields*, 956 F.2d at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)); *Lemaster*, 403 F.3d at 220-23 (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).**

To begin, a review of the indictment reveals that Petitioner was indicted with conspiracy to manufacture and possess with intent  to distribute 500 grams **or more** of a mixture of methamphetamine.   The inclusion of the words "or more" leaves the amount of methamphetamine open.  The reason the 500 gram amount is included in the indictment is to trigger the penalties found in 21 U.S.C. § 841(b)(1)(A), *i.e.*, 10 years to life in prison.

In the plea agreement, Petitioner agreed to plead guilty to the lone charge contained in the indictment and stipulated that the amount of

methamphetamine (Actual) that was known to or reasonably foreseeable to him was at least 500 grams but less than 1.5 kilograms. Petitioner's allegation is that his counsel was ineffective for allowing him to plead to that amount when the indictment alleged 500 grams of more of a mixture and that she did not explain the drug stipulation to him.

Petitioner argues that since the plea agreement tracked the language of the indictment and was filed on the same day, the word "actual" in the plea agreement must be a mistake. However, the Court first notes that the plea agreement does not track the language of the indictment. Indeed, the plea agreement set forth the minimum amount of methamphetamine Petitioner could be responsible for and the plea agreement stipulates to a specific quantity that Petitioner agreed was reasonably foreseeable to him. Next, the plea agreement was not filed on the same day as the indictment. The indictment was filed April 4, 2006, and the plea agreement was filed on June 16, 2006.

Petitioner also contends that the word "Actual" must have been included in the plea agreement by mistake as his co-defendant, Tracy Allen, who entered his guilty plea on the same day, stipulated to being responsible for 500 grams but less than 1.5 kilograms (mixture). This

argument is not persuasive. Indeed, there were twelve defendants in this case and the Court has reviewed all of their plea agreements and notes that each entered into plea agreements consistent with the facts of their specific cases. Indeed, Petitioner's co-defendant Robert Bradley, entered into an identical plea agreement as Petitioner and stipulated to 500 grams but not more than 1.5 kilograms of methamphetamine (Actual), even though he was charged in the same indictment as the Petitioner which charge a conspiracy to manufacture and possess with intent to distribute 500 grams or more of a mixture of methamphetamine. Therefore, the fact that one of Petitioner's co-defendants stipulated to a mixture of 500 grams but not more than 1.5 kilograms is not persuasive because other co-defendants did not enter into similar stipulations.

Furthermore, the Court has reviewed the affidavit of Petitioner's trial counsel submitted by the Government in support of its motion for summary judgement. **Affidavit of Petitioner's Trial Counsel,** *attached to* **Government's Response, filed April 29, 2009.** In her affidavit, counsel explains the reasons she counseled Petitioner into accepting the stipulation as to drug amounts in the plea agreement. *See e.g., id.* **¶ 12 ("[C]ounsel advised the Petitioner that his co-defendant[s] had given**

**statements regarding his drug activities that implicated him in the**

**conspiracy and that the quantities of drugs that could be reasonably**

**known to him or possessed by him *were much more* than 1.5**

**kilograms of methamphetamine.") (emphasis added).** She also stated

that she advised the Petitioner that if he proceeded to trial, there could be

additional statements by unindicted conspirators and/or witnesses which

might further implicate him in the drug conspiracy. *Id.* **¶ 13.** She further

advised that co-conspirators placed Petitioner at several "cook sites" and

that Petitioner could be responsible for drug quantity amounts based on

these statements as well if he chose to go to trial. *Id.* **¶ 14.** Counsel

discussed with Petitioner a statement from his former girlfriend who alleged

he would not allow anyone else to "cook" the methamphetamine because

he was the "best cook around." *Id.* **¶ 16.** Counsel further states:

> Based upon the numerous evidence of methamphetamine
> recovered by the government, statements of co-defendants
> regarding the Petitioner's knowledge actual and foreseeable of
> drug quantity, the actual methamphetamine found in the
> possession of the Petitioner at the time of his arrest, and the
> identical drug quantity stipulations of at least some of his co-
> defendants (certainly in line with the discovery), counsel
> advised the Petitioner that the drug quantity stipulation
> appeared to encompass at least as much as the evidence and
> likely far less than what the petitioner was actually responsible
> for.

***Id.* ¶ 17.** Furthermore, counsel states that just prior to the Rule 11 hearing, the Magistrate Judge permitted her to speak with the Petitioner about the conversion of drug quantity to marijuana.[3] A review of Petitioner's responses to the Government's initial motion for summary judgment and its supplemental response shows that Petitioner makes no attempt to refute any of counsel's statements; therefore, the Court finds her affidavit to be credible.

Next, a review of the transcript of the Rule 11 proceeding establishes that the statements which Petitioner made to the Court then stand in stark conflict with his allegations here. Indeed, Petitioner's sworn answers to the Magistrate Judge's questions tend to establish that he and counsel reviewed the plea agreement, the charge to which Petitioner was pleading guilty, and the elements which were necessary to prove the offense. **Rule 11 Transcript, *supra*.** Further, Petitioner stated that he had discussed with his counsel how the sentencing guidelines applied to his case and Petitioner stated that he understood how the guidelines may apply to him.

-----------------

[3] While a review of the written transcript does not indicate that counsel spoke to Petitioner prior to the hearing, the Court reviewed the audio of that hearing and it indicates that Ms. Alt was conferring with her client prior to the start of the hearing.

*Id.* **at 14.** In addition, the record contains Petitioner's representations that he understood the Court's admonition that he was facing a statutory minimum term of 10 years imprisonment to a maximum of life imprisonment, and he understood that even if he received a sentence which was more severe than he was expecting, he still would be bound by his guilty plea. *Id.* **at 12-15.** Furthermore, Petitioner advised the Court he had been afforded ample time to discuss his case with his counsel and he was satisfied with her services. *Id.* **at 24.**

As for the plea agreement itself, that document reflects Petitioner's understanding that his guilty plea would expose him to a sentence of no fewer than ten years imprisonment. **Plea Agreement,** *supra.* It also sets forth Petitioner's understanding that his sentence had not yet been determined and that "any estimate from any source, including defense counsel, of the likely sentence [was] a prediction rather than a promise[.]" *Id.* **at 2.** Equally as critical to the motion herein, is that Petitioner's signature on the plea agreement reflects his understanding that his ten year statutory minimum sentence could only be reduced if he provided what the Government, in its sole discretion, deemed to be substantial assistance and, in turn, the Government made a successful motion to the

Court pursuant to 18 U.S.C. § 3553(e) for a departure down to a sentence below the statutory term.  *Id.* **at 7-8**.

Petitioner is bound by the statements he made at his Rule 11 hearing and those statements cannot be set aside merely on the basis of his post-judgment assertions to the contrary.  Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack.  ***Blackledge*, 431 U.S. at 73-74**.  In sum, the Court finds that Petitioner has failed to satisfy either prong of the *Strickland* test and, therefore, his claim of ineffective assistance of counsel must fail.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Government's motion for summary judgment is **GRANTED**, and Petitioner's motion to vacate, set aside or correct sentence pursuant 28 U.S.C. § 2255 is **DENIED.**

A Judgment dismissing this action is filed herewith.

Signed: July 29, 2009

Lacy H. Thornburg
United States District Judge